# In the United States Court of Federal Claims

No. 23-1901C
(Filed: April 1, 2025)
**NOT FOR PUBLICATION**

```
*************************************
                                    *
SOPHIA DIDLEY,                      *
                                    *
              Plaintiff,            *
                                    *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

## ORDER

Plaintiff has moved to compel the government to provide additional responses to Request for Production ("RFP") Nos. 1, 2, 3, 4, 8, and 10, and Interrogatory Nos. 1, 2, 3, 4, 5, and 6. Pl.'s Mot. to Compel Jurisdictional Disc. ("Pl.'s Mot.") (ECF 20) at 5–6; *see also* Def.'s Resp. (ECF 21); Pl.'s Reply (ECF 22). Plaintiff also challenges the government's objection to Definition 2 in Plaintiff's written requests. Pl.'s Mot. at 4. At the March 27, 2025 status conference, it appeared that the government had in fact performed searches and productions adequate to satisfy its obligations as to the RFPs and Interrogatory Nos. 1 and 2. The parties' disagreement therefore centers on Interrogatory Nos. 3, 4, 5, and 6 and Definition 2.

The basic issue is the relevance of Plaintiff's requests to the subject of jurisdictional discovery: Specifically, whether "acknowledgement of indebtedness" by the government could have delayed accrual of Plaintiff's claims for backpay more than six years after the alleged underpayments. *Didley v. United States*, 173 Fed. Cl. 170, 175–76 (2024). Plaintiff seeks to prove an acknowledgement based on the government's treatment of *other* nurses. *See* Pl.'s Mot. at 5. The parties have not briefed the issue in detail. But this Court's authorities generally assume that to affect accrual, the relevant acknowledgement must be directed to the plaintiff personally. *See, e.g.*, *Elliott v. United States*, 134 Ct. Cl. 197, 198–99 (1956); *Int'l Potato Corp. v. United States*, 142 Ct. Cl. 604, 608 (1958); *Confederated Tribes & Bands of the Yakama Nation v. United States*, 89 Fed. Cl. 589, 613–14 (2009). That accords with this Court's focus on a plaintiff's own knowledge in other decisions about accrual. *See,*

*e.g.*, *Nix v. United States*, 174 Fed. Cl. 260, 266 (2024); *O'Hare v. United States*, 155 Fed. Cl. 364, 373 (2021).

Plaintiff points to *Carson v. United States*, 161 Fed. Cl. 696 (2022), to support a broader rule. *See* Pl.'s Mot. at 5. But *Carson* held simply that because the plaintiff was not entitled to payment until a government policy announcement issued, the claim did not accrue until then. *Carson*, 161 Fed. Cl. at 704. That says very little about what kinds of government actions can delay accrual of Plaintiff's claims.

Plaintiff's other argument is that the government responded late to her requests for written discovery and therefore forfeited its objections. Pl.'s Mot. at 4. The government responds that the attorneys simply miscommunicated. Def.'s Resp. at 2. The record is not clear enough to rule that possibility out. Especially given that the government's objections are meritorious, I decline to deem them forfeited.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Compel Jurisdictional Discovery (ECF 20) is **DENIED**.


**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge